# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1309V
(not to be published)

| | |
|---|---|
| ELISABETH LINK,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 9, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jessica Anne Olins*, Maglio Christopher & Toale, WA, Seattle, WA, for Petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 22, 2017, Elisabeth Link, ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of a tetanus diphtheria acellular pertussis ("Tdap") vaccine administered on September 21, 2015. Petition at 1. On January 13, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 55).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 4, 2020, (ECF No. 66), requesting a total award of $32,525.50 (representing $30,617.22 in fees and costs incurred by Maglio Christopher & Toale, PA, and $1,908.28 in fees and costs incurred by Joseph J. Hoffman, Jr., Esq., of Hoffman Dimuzio). Pursuant to General Order #9, Petitioner filed a signed statement indicating that she did not incur out-of-pocket expenses in pursuit of her claim. (ECF No. 66-3). Respondent reacted to the motion on May 12, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 67). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby **GRANT** Petitioner's Motion for attorney's fees and costs. I award a total of **$32,525.50** as follows:

- A lump sum of $30,617.22, representing reimbursement for fees and costs, in the form of a check jointly payable to Petitioner and Petitioner's counsel,[3] Maglio Christopher & Toale, PA, and;

- A lump sum of $1,908.28, representing reimbursement for fees and costs, in the form of a check jointly payable to Petitioner and Petitioner's former counsel,[4] Joseph J. Hoffman, Jr., Esq., of Hoffman Dimuzio.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

---

[3] Petitioner requests checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida, 34236.

[4] Petitioner requests checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida, 34236.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
